IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARY ANN VILLARREAL          §
                             §
v.                           §          C.A. NO. C-09-347
                             §
MICHAEL J. ASTRUE            §

## MEMORANDUM AND RECOMMENDATION TO
## DENY PLAINTIFF'S MOTION FOR ATTORNEY FEES

Plaintiff Mary Ann Villarreal prevailed in this lawsuit in which a decision of

the Commissioner of the Social Security Administration was vacated and

remanded to the Commissioner for further proceedings.  (D.E. 18, 19, 20).  Her

attorney, Mark Di Carlo, now seeks an award of attorney fees pursuant to the Equal

Access to Justice Act ("EAJA").  (D.E. 21).  For the reasons stated herein, it is

respectfully recommended that this motion for attorney fees pursuant to the EAJA

be denied.

## I.  PROCEDURAL BACKGROUND

On September 15, 2006, Plaintiff filed an application for supplemental

security income, alleging disability beginning October 1, 1999.  Tr. 9.  As of

October 1999, Plaintiff was 44 years old and had previously worked as a cook and

private home care provider.  Tr. 202, 294.  Initial review by the Social Security

Administration concluded that she was not disabled, and her application was

denied on August 14, 2007.  Tr. 76-80.  She filed an appeal, which was similarly denied on November 8, 2007.  Tr. 99-100.  On November 19, 2007, she requested a hearing before an administrative law judge ("ALJ") to review her application. Tr. 103.  After a November 13, 2008 video hearing, the ALJ issued a decision on December 9, 2008, again denying Plaintiff's application based on the finding that she was not disabled.  Tr. 9-19.

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) on December 16, 2009.  (D.E. 2).  On May 14, 2010, the Commissioner filed a motion for summary judgment.  (D.E. 12).  On June 28, 2010, Plaintiff filed a motion for summary judgment.  (D.E. 15).  The Commissioner then submitted a reply to Plaintiff's motion for summary judgment on July 19, 2010.  (D.E. 16).

On December 2, 2010, Plaintiff's motion for summary judgment was granted, and the case was remanded to the Social Security Administration.  (D.E. 19).  Final judgment was entered on the same day.  (D.E. 20).  The Commissioner did not appeal.

Following remand, the Social Security Administration issued a "fully favorable decision" on March 7, 2012.  (D.E. 21-2, at 1).  Plaintiff's attorney then filed this motion for approval of attorneys fees on March 26, 2012, asserting that (1) Plaintiff is the prevailing party in this action; (2) Plaintiff's attorney worked

23.2 hours on this matter; (3) the hourly rates for civil litigation fees in and around the Corpus Christi area are $175; and (4) Plaintiff's attorney is entitled to an award of $4,060 for attorney fees pursuant to the EAJA.

## II.  DISCUSSION

A party is entitled to recover attorney fees pursuant to the EAJA if four requirements are met: (1) she is the prevailing party, (2) she files a timely fee application, (3) the government's position was not substantially justified, and (4) no special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); Squires-Allman v. Callahan, 117 F.3d 918, 920 n.1 (5th Cir. 1997); Milton v. Shalala, 17 F.3d 812, 813 n.1 (5th Cir. 1994).

## A.  Plaintiff Was The Prevailing Party.

The Fifth Circuit has explained that "[a] party prevails by succeeding on 'any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'"  Squires-Allman, 117 F.3d at 920 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  In this action, Plaintiff challenged the ALJ's decision because it was not supported by substantial evidence and did not comport with the appropriate legal standards.  She requested that the Court enter a finding of disability on her behalf.  (D.E. 2, 15).  The Court remanded the case for further consideration in accordance with the law, thus satisfying Plaintiff's objective in

3

bringing her action.  (D.E. 19, 20).

Plaintiff succeeded in having her claim remanded to the Commissioner for reconsideration.  As such, it is respectfully recommended that Plaintiff is a prevailing party within the meaning of the EAJA.  See Squires-Allman, 117 F.3d at 920 n.2 (a plaintiff prevails when a court remands pursuant to sentence four of 42 U.S.C. § 405(g)) (citing Shalala v. Schaefer, 509 U.S. 292 (1993)).

**B.    Plaintiff Failed To File A Timely Fee Application.**

A prevailing party must submit an application for fees and expenses "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  The EAJA's thirty-day time limit runs from the end of the period for appeal.  See Schaefer, 509 U.S. at 298; see also Briseno v. Ashcroft, 291 F.3d 377, 379 (5th Cir. 2002) (per curiam) ("The thirty-day time period in which an applicant must file for fees under the EAJA begins to run 'after the time to appeal that 'final judgment' has expired.'") (quoting Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991)).  If the Commissioner does not file an appeal within the sixty-day period for appeal, an applicant seeking attorney fees pursuant to the EAJA must submit her application within thirty days after the sixty-day period for an appeal to be filed has run.  28 U.S.C. § 2412(d)(1)(B).  This thirty-day deadline is jurisdictional, and failure to comply precludes consideration of the merits of the fee application.

Pierce v. Barnhart, 440 F.3d 657, 661 (5th Cir. 2006) (citations omitted); Briseno, 291 F.3d at 379 (citations omitted).

For purposes of the EAJA, final judgment is defined as "a judgment that is final and not appealable...."  28 U.S.C. § 2412(d)(2)(G); see also Murkeldove v. Astrue, 635 F.3d 784, 792 (5th Cir. 2011) ("The district court's judgment becomes final when it can no longer be appealed") (citing § 2412(d)(2)(G)).  The Supreme Court has interpreted "final judgment" to mean "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." Melkonyan, 501 U.S. at 96.  Nevertheless, not all court-issued final judgments involving a remand trigger the EAJA's thirty-day limitations period.  Whether a district court's final judgment is characterized as "final" for EAJA purposes depends on the content of that final judgment order.

If the court entered "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing" in accordance with sentence four of 42 U.S.C. § 405(g), then the judgment was final within the meaning of the EAJA.  See Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990) ("although the fourth sentence clearly foresees the possibility that a district court may remand a cause to the Secretary for rehearing ..., nonetheless such a remand order is a 'judgment' in the terminology of § 405(g)"); see also Luna v.

U.S. Dep't of Health & Human Servs., 948 F.2d 169, 171 (5th Cir. 1991) ("every fourth-sentence remand order is a 'final judgment'").  A sentence four judgment effectively and immediately "terminate[s] the civil action challenging the Secretary's final determination that respondent was not entitled to benefits, set[s] aside that determination, and finally decide[s] that the Secretary could not follow his own regulations in considering the disability issue." Finkelstein, 496 U.S. at 625.  Therefore, "[i]n sentence four cases, the filing period begins after the final judgment ... is entered by the court and the appeal period has run, so that the judgment is no longer appealable." Melkonyan, 501 U.S. at 102 (citing 42 U.S.C. § 2412(d)(2)(G)).

In comparison, a court may issue an order "remand[ing] the case to the Commissioner of Social Security for further action ... upon a showing that there is new evidence which is material" pursuant to sentence six of 42 U.S.C. § 405(g). Such a remand order does not constitute a "final judgment" for EAJA purposes:

> The district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination.  Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.

Melkonyan, 501 U.S. at 98 (citing Finkelstein, 496 U.S. at 626); accord Dudley v.

Astrue, 246 F. App'x 249, 251 (5th Cir. 2007) (per curiam) (unpublished) (quoting

Melkonyan).  Following a sentence six remand, "the filing period does not begin

until after the postremand proceedings are completed, the Secretary returns to

court, the court enters a final judgment, and the appeal period runs."  Melkonyan,

501 U.S. at 102.  There are no other kinds of remand orders in a § 405(g) action.

See id. at 101-02 ("in § 405(g) actions, remand orders must either accompany a

final judgment ... in accordance with sentence four, or conform with ... sentence

six"); Istre v. Apfel, 208 F.3d 517, 519 (5th Cir. 2000) (sentence four and sentence

six cases "were the only kinds of remands permitted under the statute") (emphasis

in original) (citation omitted).

     Final judgment in this action was ordered on December 2, 2010.  (D.E. 20).

Pursuant to this final judgment, benefits were not immediately awarded, but

instead the case was remanded for further proceedings.  Because the Commissioner

did not file a notice of appeal, any motion for attorney fees was due by March 2,

2011.  This motion for attorney fees was filed on March 26, 2012–over a year after

the EAJA deadline elapsed.  (D.E. 21).  Although the Social Security

Administration rendered a favorable decision on March 7, 2012, the Supreme

Court in Melkonyan considered and rejected the contention that an agency

adjudication constitutes the "final judgment" in an EAJA action.  501 U.S. at 95-

96.

A memorandum and recommendation urged remanding this cause on the basis that the "ALJ erred by failing to conduct the necessary analyses, consult the appropriate factors, and adequately articulate the grounds for his decision." (D.E. 18, at 42).  It also explicitly cited to sentence four of § 405(g) as authority for "reversing the decision of the Commissioner" and issuing the remand.  Id. Moreover, the recommendation was adopted in whole by the Court.  (D.E. 19).

The Court's final judgment further explicated that "[f]rom a consideration of the pleadings and orders filed in this cause, it is the opinion of this Court that this case should be remanded for further proceedings." (D.E. 20).  The final judgment entered here is a judgment entered pursuant to sentence four of § 405(g) because it reversed the decision of the Commissioner and remanded the cause for a rehearing. See Finkelstein, 496 U.S. at 625 (recognizing that a sentence four remand is "a judgment ... reversing the decision of the Secretary, with ... remanding the cause for a rehearing").  It cannot be characterized as a sentence six remand because the Court ruled on the correctness of the ALJ's determination, and no new evidence outside of the administrative record was involved.  Therefore, it is respectfully recommended that Plaintiff's motion for award of attorney fees is untimely.

## III.  RECOMMENDATION

In light of the foregoing reasons, it is respectfully recommended that Plaintiff's motion for attorney fees, (D.E. 21), be denied because the fee application was not timely filed pursuant to the EAJA.

Respectfully submitted this 13th day of April 2012.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).